IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-CR-00089-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PERRY WAYNE SUGGS, JR.,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on March 2, 2018. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffers by the defendant and the government.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government

and defense counsel and the arguments of counsel. Moreover, the court has considered Defendant's letters from Chris Pyle, Denisha Mobley, Sallie Williams, Leslie Wilson, Camisha Mobley, Morgan Murphy, Tyeshira Ramos and Britany Rivera. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Defendant has been charged in the Indictment with Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Based upon the Indictment I do find probable exists as to this charge.

Second, I find that nature of the charge in this case involves possession of a firearm by a prohibited person. A shot was fired during this incident. A pedestrian was involved in this incident. The weight of the evidence against the Defendant is substantial.

Third, I find that the Defendant has suffered six prior failures to appear and/or failures to comply. Defendant has used at least one alias name; one alias date of birth; and one alias social security number in the past. Defendant does possess a valid Colorado driver's license. According to the JABS, the Defendant is a member of the Gangsters Disciples street gang. Defendant reports that he does not have any assets or liabilities. He has a negative monthly case flow of ($172.00). Defendant has suffered criminal convictions for Furnishing, Purchasing, and Possession of Alcohol Beverages by Persons Below Legal Age (misdemeanor); Third Degree Assault (misdemeanor - two separate convictions); Felony Menacing Real/Simulated Weapon (felony); Prohibited Use of a Weapon- Aim Firearm (misdemeanor); Seat Belt Not Used; Failure to Display Proof of Insurance; Possession of a Weapon by a Previous Offender- Burglary/Arson/Forgery (felony); Resisting Arrest (misdemeanor); and Driving Without a Driver's License. Defendant has had his community corrections sentence revoked in the past. Defendant has had his probation revoked on two separate occasions in the past. Defendant has committed new criminal offenses, in the past, while on either probation or on a community corrections sentence. Defendant has a pending case in the El Paso County Court, Case No. 15T14730 wherein a Revocation Hearing is set on April 17, 2018.

In light of these facts, I find, by clear and convincing evidence that Defendant is

both a flight risk and a danger to the community and that there is no condition or combination of conditions of release that will reasonably assure his presence in court and the safety of the community.  Accordingly, I order that the Defendant be detained without bond.

Done this 2nd day of March 2018.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge